UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MORRIS MILES (#243761)                          CIVIL ACTION

VERSUS

ALVIN TURNER, JR., ET AL.                   NO. 22-00709-BAJ-RLB

## RULING AND ORDER

Plaintiff, a detainee confined at the Ascension Parish Prison in Donaldsonville, Louisiana, filed this action on October 3, 2022, alleging various violations of his constitutional rights. (Doc. 1). On January 23, 2023, the Court dismissed Plaintiff's action *without* prejudice due to: (1) Plaintiff's initial failure to pay the Court's initial filing fee, or, alternatively, submit a properly completed motion to proceed *in forma pauperis* (IFP); and (2) Plaintiff's subsequent failure to provide any response to the Court's October 19, 2022 correspondence requiring Plaintiff to correct these deficiencies within 21 days or risk dismissal. (Doc. 4, Doc. 5). Now, months after the fact, Plaintiff submits a "letter asking y'all not to close the law suite [sic] and please get back with me about this matter." (Doc. 8 at 1). The Court construes Plaintiff's "letter" as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows relief from a judgment or order upon the moving party's showing of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer

equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Plaintiff has not provided any factual assertions to support the applicability of any of the first five subsections of Rule 60(b).

Further, Plaintiff's request fares no better under catch-all subsection (6), which, again, allows the Court to vacate a judgment for "any other reason that justifies such relief." This provision is intended for unforeseen contingencies and to accomplish justice in exceptional circumstances. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007). Relief under Rule 60(b)(6) is extraordinary, and requires that the moving party make a showing of extraordinary circumstances. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Plaintiff has made no showing of unusual, unique, or extraordinary circumstances here. To the contrary, the basis for the Court's dismissal of Plaintiff's action—Plaintiff's failure to pay the filing fee or submit a motion to proceed IFP—remains unaddressed, even at this late date.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for relief from the Court's January 23, 2023 Judgment **(Doc. 8)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 22nd day of November, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**